UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW WRIGHT,

                Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

                Defendants.

Case No. C18-927-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Matthew Wright, who is currently in the custody of the Washington Department of Corrections, asserts in his complaint federal constitutional claims arising out of the alleged infringement of his parental rights. Plaintiff names as defendants in this action the State of Washington, the Washington Department of Corrections (DOC), and various individual defendants. Plaintiff seeks declaratory and injunctive relief, and damages. The State and the DOC now move to dismiss the claims asserted against them in this action. Plaintiff has filed a response opposing defendants' motion, and defendants have filed a reply to plaintiff's response. The Court, having reviewed plaintiff's complaint, defendants' motion to dismiss, all related briefing, and the balance of the record,

REPORT AND RECOMMENDATION - 1

concludes that defendants' motion to dismiss should be granted, and plaintiff's claims against the State and the DOC should be dismissed with prejudice.

## DISCUSSION

The State and the DOC move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b)(6), a district court may dismiss a pleading, or any portion thereof, for failure to state a claim upon which relief may be granted. Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Defendants argue that plaintiff's claims against the State and the DOC should be dismissed as such claims are not viable under § 1983. Defendants are correct. The United States Supreme

REPORT AND RECOMMENDATION - 2

Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Any intended claims against the State and the DOC are therefore clearly barred under *Will*. Plaintiff, in his response to defendants' motion to dismiss, concedes that that these two defendants are not persons for purposes of plaintiff's § 1983 claims. He requests, however, that the claims against these defendants be dismissed *without* prejudice because such a dismissal would not constitute an adjudication on the merits and because plaintiff may in the future seek leave to amend his complaint to allege state law tort claims against these defendants.

At this juncture, plaintiff's complaint asserts only federal constitutional claims against the defendants named in this action. The law is clear that plaintiff may not pursue such claims against the State and the DOC because neither entity is a person for purposes of § 1983. Plaintiff therefore has not stated any claim upon which relief may be granted against these defendants and dismissal of plaintiff's federal claims, with prejudice, is therefore appropriate.

## CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion to dismiss be granted and that plaintiff's claims against the State and the DOC be dismissed with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure of plaintiff to state any viable claim for relief against these defendants. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions

calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 19, 2018**.

DATED this 2nd day of October, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4