UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW WRIGHT,

        Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

        Defendants.

Case No. C18-0927-RAJ-MAT

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE

This is a civil rights action proceeding under 42 U.S.C. § 1983. On January 2, 2019, this Court issued a Pretrial Scheduling Order in which it set a discovery deadline of May 31, 2019 and a dispositive motion filing deadline of July 1, 2019. (Dkt. 35.) These deadlines were established based on information provided by the parties in their Joint Status Report. (*See* Dkt. 32 at 4.) Plaintiff now seeks a four-month extension of the discovery deadline, citing conflicts in the calendars of opposing counsel which have prevented depositions from taking place. (Dkt. 46.) Plaintiff maintains that an extension of the deadline to September 30, 2019 will permit the parties "to conduct a more in-depth investigation and properly prepare this case for trial." (*Id.* at 1.) Plaintiff then goes on to detail the various efforts made by his office to schedule four proposed depositions. (*See id.* at 2-4.)

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO EXTEND THE DISCOVERY
DEADLINE - 1

Defendants largely oppose plaintiff's motion, arguing that plaintiff is not entitled to an extension of time to serve written discovery because he has not diligently pursued discovery and has not shown excusable neglect.[1] (Dkt. 47 at 2.) Defendants further argue, with respect to plaintiff's request to extend time to take depositions, that plaintiff has not accurately and completely represented the source of the difficulties in scheduling these depositions. (*Id*.) Defendants maintain that plaintiff has not diligently and reasonably pursued the depositions, and they suggest that it is doubtful plaintiff has shown good cause for an extension. (*Id*.) Defendants nonetheless indicate that they do not oppose an extension until July 8, 2019 for the sole purpose of allowing the parties to depose the four people identified to date as potential deponents. (*Id*.)

A scheduling order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The stringent requirement of Fed. R. Civ. P. 16(b)'s "good cause" standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause" for modification of a pretrial order's scheduling deadlines means that scheduling deadlines cannot be met despite the diligent efforts of the party seeking the extension; carelessness is not compatible with a finding of diligence and offers no reason for grant of relief. *Id.; Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted).

A review of the materials submitted by the parties in relation to the motion for extension of the discovery deadline reveal that plaintiff's counsel, through his legal assistant, began the

---

[1] The Washington Department of Corrections defendants (Steven Sinclair, Eric Jackson, and Michael Hathaway) filed the primary response to plaintiff's motion for extension of time. (Dkt. 47.) Defendant Diane Carmel joined in that response. (Dkt. 49.) Defendant Sarah Wright has not responded in any fashion to the motion.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO EXTEND THE DISCOVERY
DEADLINE - 2

process of attempting to schedule depositions on January 28, 2019. (*See* Dkt. 46 at 2; Dkt. 46-3, ¶ 3.) Not surprisingly, plaintiff encountered challenges in attempting to coordinate the schedules of four attorneys and the deponents, while also dealing with necessary limitations associated with scheduling depositions inside a correctional facility.[2] The materials also suggest that there were communication lapses on multiple fronts as attempts to schedule the depositions continued over the course of almost five months. Rather than attempt to parse out which party bears the greater responsibility for the failure to schedule and complete the depositions by the established deadline, the Court deems it most efficient and productive to simply grant some additional time for purposes of conducting the depositions of the four people identified as potential deponents in plaintiff's motion papers, and to encourage the parties to work cooperatively to make this happen.[3]

While plaintiff has arguably demonstrated good cause for an extension of the discovery deadline to conduct the referenced depositions, plaintiff has not demonstrated good cause for an extension of time to conduct written discovery. Plaintiff has had ample opportunity to conduct written discovery over the past five months but has apparently elected not to take advantage of that opportunity. (*See* Dkt. 47 at 8.) Plaintiff suggests in his motion that the entirety of his investigation has been on hold while he attempts to schedule depositions, and he maintains that failure to extend the discovery deadline will deprive him of the opportunity to conduct further investigation and follow-up discovery after the depositions are taken. (*Id.*)

---

[2] It appears that the parties contemplated taking two of the depositions at the Monroe Correctional Complex where plaintiff is currently incarcerated.

[3] To the extent plaintiff's counsel charges in his reply brief that defendants have demonstrated an unwillingness to engage in the discovery process and have conspired to suppress plaintiff and his case, the Court notes that the record is devoid of any evidence to support such charges. (*See* Dkt. 50.) Plaintiff's counsel would do well to moderate his somewhat combative rhetoric and simply focus on the issue at hand which is to complete the depositions so that this action may proceed.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO EXTEND THE DISCOVERY
DEADLINE - 3

The Court first notes that plaintiff has offered no viable explanation for not having conducted any written discovery to date. It is simply not plausible that the anticipated depositions, only one of which involves a defendant, precluded plaintiff from seeking written discovery from the other parties as attempts to schedule depositions were ongoing. Second, if plaintiff genuinely believed that extensive additional investigation would be required after the depositions were taken, he should have requested an extension of the discovery deadline much earlier than he did. Because the established discovery deadline was May 31, 2019, plaintiff would have needed to serve any written discovery requests on defendants by May 1, 2019 for the discovery to be timely. Plaintiff did not file his motion for an extension of the discovery deadline until a week later, on May 8, 2019. (*See* Dkt. 46.)

While plaintiff indicates in his motion that he attempted to reach an agreement with defendants' counsel and file a stipulated motion to extend discovery before filing this motion, a prudent plaintiff would have sought an extension much earlier. It should have been clear as early as March, when plaintiff was making inquiries of opposing counsel for availability to conduct depositions at the end of April and into May, that the opportunity to conduct additional written discovery was slipping away. The Court is not satisfied that plaintiff has been at all diligent in conducting any necessary written discovery and he is therefore not entitled to any extension of the discovery deadline to accommodate such discovery.

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for an extension of the discovery deadline (Dkt. 46) is GRANTED only for the purpose of taking the depositions of the four individuals identified as potential deponents in plaintiff's motion papers; *i.e.*, Victoria Mattsson, Sarah Jensen, Elizabeth Hainline, and plaintiff Matthew Wright. Plaintiff's motion is DENIED with respect to any future

written discovery.

(2)     The discovery deadline, for the purposes identified above, is extended to ***August 16, 2019***.  The dispositive motion filing deadline is likewise extended to ***September 16, 2019***.

(3)     The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable Richard A. Jones.

DATED this 14th day of June, 2019.

_____
Mary Alice Theiler
United States Magistrate Judge