# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MATTHEW WRIGHT,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C18-0927-RAJ-MAT

ORDER GRANTING THE DOC DEFENDANTS' MOTIONS FOR LEAVE TO AMEND AND FOR AN EXTENSION OF TIME

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time on the motion of the Washington Department of Corrections ("DOC") defendants for leave to amend their answer to plaintiff's amended complaint (Dkt. 58) and on their motion for an extension of time to file their reply to plaintiff's response to their summary judgment motion (Dkt. 59). Plaintiff has filed a response opposing the DOC defendants' motion for leave to amend. (Dkt. 64.) Plaintiff has not opposed defendants' motion for an extension of time. The Court, having reviewed the DOC defendants' motions, and the balance of the record, hereby finds and ORDERS as follows:

(1) The DOC defendants' motion for leave to amend their answer to plaintiff's amended complaint (Dkt. 58) is GRANTED. The DOC defendants, by way of the instant motion,

ORDER GRANTING THE DOC DEFENDANTS'
MOTIONS FOR LEAVE TO AMEND AND FOR
AN EXTENSION OF TIME - 1

seek leave of court to amend their answer to add the affirmative defense of failure to exhaust administrative remedies. (*Id.*) The instant motion followed plaintiff's submission of his response to defendants' pending summary judgment motion in which he argued that defendants had waived any exhaustion defense to plaintiff's deliberate indifference claims because defendants failed to plead the defense in their answer. (*See* Dkt. 57 at 8-9.)

The Court begins its discussion of the DOC defendants' motion for leave to amend with some relevant background. Plaintiff, in his amended complaint, asserted five claims for relief including one which he identified as "deliberate indifference." (Dkt. 34 at 9-10.) Plaintiff also asserted in his amended complaint that he "[had] exhausted all possible grievances and [had] pursued all administrative remedies available to him." (*Id.* at 3.) The DOC defendants, in their answer to plaintiff's amended complaint, denied plaintiff's assertions regarding exhaustion because they called for a legal conclusion. (Dkt. 37 at 2.) The DOC defendants did not, however, identify failure to exhaust as an affirmative defense in their answer. (*See id.* at 9-10.)

The DOC defendants subsequently moved for summary judgment of dismissal of all claims asserted against them. (Dkt. 51.) One of the bases for dismissal asserted by defendants was plaintiff's failure to exhaust his administrative remedies with respect to the somewhat vague Eighth Amendment claims asserted by plaintiff in his amended complaint. (*See id.* at 8-9.) Plaintiff, in his response to the DOC defendants' summary judgment motion, argued that defendants' exhaustion argument should fail because they had not demonstrated that plaintiff's complaints were grievable or that he had not filed a grievance. (Dkt. 57 at 8.) Plaintiff also argued that defendants waived any exhaustion defense by failing to plead the defense in their answer. (*Id.* at 9.) The question now before the Court is whether the DOC defendants should be permitted to correct the omission in their answer to plaintiff's amended complaint by amending

ORDER GRANTING THE DOC DEFENDANTS'
MOTIONS FOR LEAVE TO AMEND AND FOR
AN EXTENSION OF TIME - 2

their answer to add the affirmative defense of failure to exhaust administrative remedies.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended the pleading. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The Ninth Circuit has held that the factor that carries the greatest weight is the consideration of prejudice. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants argue that there is no prejudice to plaintiff in the circumstances of this case because (1) plaintiff was fully aware of the exhaustion requirement as evidenced by the fact that he addressed the issue in both his original and amended complaints, (2) the Prison Litigation Reform Act ("PLRA") exhaustion requirement is a prerequisite to suit, and (3) plaintiff has had an adequate opportunity to address the issue of exhaustion in the context of the DOC defendants' summary judgment motion. (Dkt. 58 at 3.)

Plaintiff opposes defendants' motion, arguing that the proposed amendment will cause undue delay and prejudice. (Dkt. 64.) Plaintiff argues that because defendants did not raise the issue of failure to exhaust administrative remedies in their answer, he was unable to conduct discovery on this claim and he will therefore be denied the ability to address the claim to its fullest extent. (*See id*. at 2-3.) Plaintiff suggests that necessary discovery would include determining whether the pertinent claims are grievable and, if so, what the grievance process entails, and determining what grievances plaintiff filed, or attempted to file, and what defendants' responses would have been. (*Id*.)

The Court is not persuaded that plaintiff will be prejudiced by the proposed amendment.

ORDER GRANTING THE DOC DEFENDANTS'
MOTIONS FOR LEAVE TO AMEND AND FOR
AN EXTENSION OF TIME - 3

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Ninth Circuit has made clear that § 1997e(a) requires exhaustion before a complaint is filed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). Plaintiff was clearly aware of this requirement as he affirmatively asserted in his amended complaint that he had pursued and exhausted all administrative remedies available to him. (Dkt. 34 at 3.) Presumably, plaintiff and/or his counsel, performed their due diligence before making this assertion, which should have entailed determining what remedies were available to plaintiff and what efforts plaintiff made to exhaust those remedies. It is disingenuous for plaintiff to now suggest that he will be prejudiced by his inability to conduct discovery concerning whether the claims at issue are grievable and what grievances plaintiff may have pursued.

The Court also notes that defendants appear to have submitted in support of their summary judgment motion the information plaintiff suggests he might need in order to adequately address the exhaustion question. Thus, permitting defendants to amend their answer at this juncture should not cause any undue delay in the proceedings. For the foregoing reasons, defendants' motion to amend their answer to plaintiff's amended complaint is granted.

(2) While the Court has concluded that plaintiff will not be prejudiced by the proposed amendment, the Court believes that allowing plaintiff to present additional briefing on the exhaustion issue is nonetheless appropriate. A review of the record reveals that the deliberate indifference claims asserted by plaintiff in his amended complaint, which are at the heart of the current exhaustion question, were extremely vague. Plaintiff finally clarified those claims in his

response to defendants' summary judgment motion. This clarification permitted defendants to make more specific arguments regarding the relevant exhaustion issues in their reply brief. Plaintiff has not had an opportunity to address those more specific arguments. Accordingly, plaintiff may, if he so chooses, submit a supplemental response in relation to defendants' summary judgment motion addressing the exhaustion arguments presented by defendants in their reply brief. Any such brief must be filed not later than *Monday, September 23, 2019*.

(3) The DOC defendants' motion for summary judgment (Dkt. 51) is RENOTED for consideration on *Friday, September 27, 2019*. If defendants wish to file a supplemental reply to plaintiff's supplemental response, they must do so by that date.

(4) The DOC defendants' unopposed motion for an extension of time to file their reply brief in support of their motion for summary judgment (Dkt. 59) is GRANTED. Defendants' reply brief was received on July 19, 2019 and is deemed a part of the record on summary judgment.

(5) The Clerk is directed to file the DOC defendants' amended answer (Dkt. 58-1.) The Clerk is further directed to send copies of this Order to all counsel of record and to the Honorable Richard A. Jones.

DATED this 9th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING THE DOC DEFENDANTS'
MOTIONS FOR LEAVE TO AMEND AND FOR
AN EXTENSION OF TIME - 5